IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALAN EBNER and ROSE EBNER | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 10-490-SLR |
| FINANCIAL ARCHITECTS, INC., d/b/a MYER CAPITAL GROUP, and TIMOTHY J. MCGEENEY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Stephen A. Hampton, Esquire of Grady & Hampton, LLC, Dover, Delaware. Counsel for Plaintiffs.

John C. Phillips, Jr. Esquire of Phillips, Goldman & Spence, P.A., Wilmington, Delaware. Counsel for Defendants. Of Counsel: Benjamin E. Widener of Stark & Stark, P.C., Lawrenceville, New Jersey.

**MEMORANDUM OPINION**

Dated: February 9, 2011
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On May 18, 2010, Alan Ebner and Rose Ebner ("plaintiffs") filed an action in the Superior Court of the State of Delaware alleging violations of the Delaware Consumer Fraud Act ("DCFA"), breach of fiduciary duty and negligence by Financial Architects, Inc. (d/b/a Meyer Capital Group) and Timothy McGeeney ("defendants"). Defendants removed the action to this court on June 27, 2010, pursuant to 28 U.S.C. §§ 1441(a) and 1446. (D.I. 1) The court has jurisdiction under 28 U.S.C. § 1332. Currently before the court is defendants' motion to compel arbitration and to stay proceedings pending the completion of arbitration. (D.I. 4) For the reasons stated below, defendants' motion to compel arbitration and to stay this suit is granted.

## II. BACKGROUND

On or about October 18, 2003, plaintiffs entered into a written Investment Advisory Agreement ("IAA") with defendants under which defendants agreed to perform designated investment services for plaintiffs. (D.I. 5, ex. A at ¶ 2) As consideration, plaintiffs agreed to pay an annual fee based upon the value of the assets under defendants' management. *Id.* Plaintiffs' investment portfolio included Lehman Brothers bonds with a market value of $74,222.05. (D.I. 1, ex. A at ¶ 16) Plaintiffs allege that they expressed concerns to defendants about their Lehman Brothers bonds in August of 2008. (D.I. 1, ex. A at ¶ 13) Plaintiffs assert that defendants breached their fiduciary duties to plaintiffs by failing to take reasonable steps to supervise plaintiffs' account in light of these concerns. (*Id.* at ¶ 21) As a result, plaintiffs claim that they suffered a large and preventable financial loss due to defendants' negligence. (*Id.* at ¶ 23)

The IAA, signed by plaintiffs, included the following arbitration clause:

> Subject to the conditions and exceptions noted below, in the event of any dispute pertaining to ADVISER's services under this Agreement, both ADVISER and CLIENT agree to submit the dispute to arbitration in accordance with the auspices and rules of the American Arbitration Association ("AAA"), provided that the AAA accepts jurisdiction. **ADVISER and CLIENT understand that such arbitration shall be final and binding, and that by agreeing to arbitration both ADVISER and CLIENT are waiving their respective rights to seek remedies in court, including the right to a jury trial.** CLIENT acknowledges that he/she/it has had a reasonable opportunity to review and consider this arbitration provision prior to the execution of this Agreement. CLIENT acknowledges and agrees that in the specific event of non-payment of any portion of Adviser Compensation pursuant to paragraph 2 of this Agreement, ADVISER, in addition to the aforementioned arbitration remedy, shall be free to pursue all other legal remedies available to it under law, and shall be entitled to reimbursement of reasonable attorneys fees and other costs of collection.

(D.I. 5, ex. A at ¶ 15) (emphasis in original) The IAA also contained a choice of law clause that stated, "[t]o the extent not inconsistent with applicable law, this Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey." (*Id.* at ¶ 19)

## III. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. A district court may only issue an order compelling arbitration when that court has "diversity jurisdiction or some other independent basis for federal jurisdiction . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is pending. *See* 9 U.S.C. §§ 3, 4; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Harris v.*

*Green Tree Fin. Corp.*, 183 F.3d 173, 179-80 (3d Cir. 1999). However, district courts may dismiss an action if all the issues raised are arbitrable and must be submitted to arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Hoffman v. Fid. & Deposit Co.*, 734 F. Supp. 192, 195 (D.N.J. 1990).

The FAA limits the role of courts to determine: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement. *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). In conducting this review, the court should apply the ordinary principles of contract law. *See* 9 U.S.C. § 2; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Additionally, courts operate under a pronounced "presumption of arbitrability." *Battaglia v. McKendry*, 233 F.3d 720, 725 (3d Cir. 2000) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). "'Any doubts as to the scope of arbitratable issues should be resolved in favor of arbitration . . . .'" *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 155 (3d. Cir. 2000) (quoting *Pattern Sec. Corp. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 405-407 (3d Cir. 1987)). "If . . . the court determines that an agreement exists and that the dispute falls within the scope of the agreement, it then must refer the matter to arbitration without considering the merits of the dispute." *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (overruled on other grounds) (citing *AT&T Techs., Inc.*, 475 U.S. at 649). A court may not deny arbitration "unless it can state with 'positive assurance' that [the] dispute was not meant to be arbitrated." *Autoradio U.S.A, Inc. v. Becker*

*Autoradiowerk GmbH*, 585 F.2d 39, 44 (3d Cir. 1978) (quoting *Hussey Metal Div. v. Lectromelt Furnace Div.*, 471 F.2d 556, 558 (3d Cir. 1972)); *see First Liberty Inv. Grp. v. Nicholsberg*, 145 F.3d 647, 653 (3d Cir. 1998).

When an agreement contains both a choice-of-law clause and an arbitration clause, the reviewing court will apply the substantive law of the state named in the choice of law clause. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63-64 (1995) (holding that the best way to harmonize a choice of law clause and an arbitration clause is to apply the substantive case law of the named state to the entire agreement, including the arbitration clause).

## III. DISCUSSION

### A. Plaintiffs' Claims Are Subject To Arbitration

Pursuant to the choice of law clause included in the IAA, the court will apply New Jersey substantive law. Under binding precedent from the New Jersey Supreme Court, a plaintiff's claims are subject to arbitration so long as the arbitration clause at issue gives sufficient "notice to all parties to the agreement that claims involving jury trials would be resolved instead through arbitration." *Martindale v. Sandvik*, 800 A.2d 872, 884 (N.J. 2002). In *Martindale*, the plaintiff was an employee suing his employer based on statutory causes of action. *Id.* at 876. In response, the defendant employer filed a motion to stay the proceedings and to compel arbitration. The New Jersey Supreme Court held that the plaintiff's statutory claims were within the scope of the arbitration clause[1] because the clause broadly waived plaintiff's right to a jury trial "in any action or

---

[1]The arbitration clause in *Martindale* provided that,

4

proceeding related to [plaintiff's] employment with Sandvik," as well as to "all disputes relating to [plaintiff's] employment with Sandvik or termination thereof," *id.* at 875, thus, giving "notice to all parties to the agreement that claims involving jury trials would be resolved instead through arbitration."[2] *Id.* at 884.

Importantly, the New Jersey Supreme Court in *Martindale* distinguished an earlier opinion, in which the Court had found the arbitration clause at issue to be so limited in its scope as to not preclude litigation. More specifically, the Court in *Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.*, 773 A.2d 665 (N.J. 2001), declined to uphold an agreement to arbitrate a statutory claim contained in an employment agreement because the agreement contained no reference to waiver of the right to a jury trial. In addition, the arbitration clause was limited in its scope to "any controversy or claim arising out of, or relating to" the employment agreement or any

---

[a]s a condition of employment, I agree to waive my right to a jury trial in any action or proceeding related to my employment with Sandvik. I understand that I am waiving my right to a jury trial voluntarily and knowingly, and free from any duress and coercion. I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this document. I agree that all disputes relating to my employment with Sandvik or termination thereof shall be decided by an arbitrator through the Labor Relations Section of the American Arbitration Association.

800 A.2d at 875.

[2]Outside the employment context, i.e., cases that do not involve statutory causes of action, the New Jersey Superior Court has found that arbitration clauses are enforceable despite the fact that such clauses do not contain an express waiver of a plaintiff's right to a jury trial. *See Alfano v. BDO Seidman LLP*, 925 A.2d 22, (N.J. Super. 2007). The arbitration clause in *Alfano* provided that "all controversies which may arise between us concerning any transaction of construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to this date hereof, shall be determined by arbitration." *Id.* at 25.

5

breach thereof. The Court held that the above language was too ambiguous to constitute an enforceable waiver of the employee's statutory causes of action. *Id.* at 665.

The arbitration clause in this case, like that in *Martindale*, contains an express waiver of plaintiffs' right to a jury trial for "any dispute pertaining to [defendants'] services under the Agreement." Moreover, the arbitration clause in this case, like that in *Alfano*, relates to investment services. As plaintiffs' complaint relates to defendants' services as financial advisors (regardless of how plaintiffs characterize their claims), the court concludes that the litigation should be stayed and the dispute between the parties sent to arbitration, consistent with the arbitration clause at issue and the affirmative policy of the State of New Jersey, "both legislative and judicial, [that] favors arbitration as a mechanism of resolving disputes." *Martindale*, 800 A.2d at 881.

### B. Arbitration Clause Is Valid And Enforceable

Plaintiffs contend that, even if their dispute with defendants is within the scope of the arbitration clause at issue, the court should not enforce the arbitration clause because "it plainly and unambiguously" permits defendants to opt out of arbitration for all claims that they were ever likely to have against plaintiffs and, in fact, retained additional rights not available to plaintiffs. (D.I. 7 at 5) The focus of plaintiffs' arguments in this regard involves a specific event, that of "**non-payment of any portion of Advisor Compensation pursuant to paragraph 2**" of the IAA, for which defendants reserved the right, in addition to the arbitration remedy, "to pursue all other

legal remedies available to [them] under law, and shall be entitled to reimbursement of reasonable attorney fees and other costs of collection." (D.I. 5, ¶ 15) (emphasis added)

While plaintiffs overstate their argument that the above language permits defendants to opt out of arbitration for **all** claims they may have against plaintiffs,[3] in reality, the only affirmative claims that defendants are likely to have against plaintiffs are for non-payment of fees.[4] Assuming for purposes of the instant dispute that this language would be deemed an "escape device" under Delaware law[5] and contrary to public policy, nevertheless, the IAA also contains a severability provision that states:

> Any term or provision of this Agreement which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms or provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

(D.I. 5, ex. A, ¶ 17) Therefore, to the extent defendants' rights under ¶ 15 of the IAA would be deemed unenforceable under Delaware law (and defendants have not asserted such rights in the instant litigation), a Delaware court could sever this provision and enforce the arbitration provision at issue.

---

[3]Defendants contend that, e.g., if they sought declaratory relief with respect to plaintiffs' claims pertaining to defendants' services under the IAA, they would be required to file a demand for arbitration. (D.I. 8 at 11)

[4]As opposed to plaintiffs, whose claims may be based, e.g., on tort, contract or statutory causes of action.

[5]See, e.g., *Worldwide Insurance Group v. Klopp*, 603 A.2d 788, 791 (Del. 1992). No comparable New Jersey case has been cited by plaintiffs; indeed, the Delaware Supreme Court in the above case specifically stated that New Jersey did not find the disputed provision contrary to public policy.

## IV. CONCLUSION

For the reasons stated, the court finds that plaintiffs' claims are subject to arbitration and that the arbitration clause of the IAA is enforceable. Consequently, defendants' motion to stay the proceedings and to compel arbitration (D.I. 4) is granted. An appropriate order shall issue.